IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Antonio Robinson, #245966,          ) | |
| ) | |
| Petitioner,     ) | Civil Action No. 9:08-1974-HMH-BM |
| ) | |
| v.                                                            ) | |
| ) | |
| A. J. Padula, Warden  and Henry          ) | **REPORT AND RECOMMENDATION** |
| McMaster, Attorney General of the         ) | |
| State of South Carolina,                         ) | |
| ) | |
| Respondents.     ) | |
| _____) | |

The pro se Petitioner brought this action seeking relief pursuant to Title 28, United States Code, Section 2254. On December 11, 2008, the Respondents filed a motion for summary judgment. By order of this Court filed December 12, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately.

However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, the Petitioner failed to respond to the motion. As the Petitioner is proceeding pro se, the court filed a second order on January 16, 2009, advising Petitioner that it appeared to the Court that he was not opposing the motion and wished to abandon this action, and giving the Petitioner an additional ten (10) days in which to file his response to the Respondents' motion for summary judgment. The Petitioner was further specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P.

Notwithstanding this second warning, the Petitioner still failed to file any response,



or to contact the Court in any way.[1]  Therefore, Petitioner meets all of the criteria for dismissal under Chandler Leasing Corp. V. Lopez, 669 F.2d 929 (4th Cir. 1982).[2]  Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis, 558 F.2d at 70; Rule 41(b), Fed.R.Civ.P.; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 3, 2009

Charleston, South Carolina

---

[1] While nothing has been filed by the Petitioner, Respondents filed an amended motion re-stating some of their arguments.  However, as Petitioner has failed to respond to the original motion, the Court's Roseboro order, or the Court's ten (10) day order, no additional time to respond to this new filing is warranted.

[2] He is personally responsible for proceeding in a dilatory fashion, the Respondents are suffering prejudice due to having to expend time and resources on a case in which the Petitioner is unresponsive, and no sanctions other than dismissal appear to exist as the Petitioner is indigent (and therefore not subject to monetary sanctions) and he has otherwise failed to respond to Court filings despite Court orders requiring him to do so.  Lopez, 669 F.2d at 920.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

