IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Marcus Antonio Robinson, #245966, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 9:08-1974-HMH-BM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| A.J. Padula, Warden; and Henry McMaster, Attorney General of the State of South Carolina, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Marcus Antonio Robinson ("Robinson"), proceeding pro se, filed the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on May 22, 2008.  On December 11, 2008, Respondents filed a motion for summary judgment and the magistrate judge issued a notice in compliance with Roseboro v. Garrison, 528 F.2d 309, 309 (4th Cir. 1975).  Robinson's response was due on or before January 15, 2009.  Robinson failed to respond and on January 16, 2009, the court filed a second order giving Robinson ten (10) additional days to file his response to Respondents' motion for summary judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

In his Report and Recommendation, Magistrate Judge Marchant recommends dismissing this action with prejudice for lack of prosecution. For the reasons set forth below, the court adopts the magistrate judge's Report.

Robinson filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that most of Robinson's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, Robinson states one specific objection. Robinson argues that he has not understood "anything that the court has sent [him]" and therefore was unable to properly respond to the Roseboro notice.

Dismissal is a severe sanction that should not be "invoked lightly." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). When dismissal is considered for failure to prosecute, the court should determine (1) whether and to what extent the plaintiff is personally responsible for the delay; (2) the amount of prejudice the delay has caused the defendant; (3) "the existence of a history of deliberately proceeding in a dilatory fashion"; and (4) "the existence of a sanction less drastic than dismissal." Id. The court has given Robinson ample time to respond to Respondents' motion for summary judgment. Further, Robinson's timely objections to the

Report and Recommendation reveal that he is able to respond adequately to the motion for summary judgment. Based on the foregoing, the court finds that dismissal is the proper sanction. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Marchant's Report and Recommendation.

It is therefore

**ORDERED** that Robinson's § 2254 petition, docket number 1, is dismissed with prejudice.

**IT IS SO ORDERED.**

>                                    s/Henry M. Herlong, Jr.
>                                    United States District Judge

Greenville, South Carolina
February 19, 2009

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.